UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZIE'S STRUCTURES, INC.,

    Plaintiff,

vs.                                                                    Case No.: 8:09-cv-975-T-33TGW

WILLIAM A. ZIEGLER, Jr., et al.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff's Motion to Substitute and to Extend Time to Complete Service of Process (Doc. 5) and a separate Motion in Support (Doc.6), both filed on September 18, 2009.[1] Plaintiff is a corporation authorized to do business in the State of Florida. Plaintiff filed its initial Complaint on May 27, 2009 (Doc. 1) and sent the appropriate summons to Defendants on that same day (Doc. 2). Plaintiff filed for bankruptcy protection and has a bankruptcy case pending in the Bankruptcy Court in the Middle District of Florida, Case No.: 09-2284. The bankruptcy case was converted from a Chapter 11 to a Chapter 7 case. (Doc. 5, Ex. D). As part of the

---

[1] The Motion is titled, "Motion to Substitute as Plaintiff, and Motion to Extend Time for Completing Service of Process." Plaintiff asks the Court for leave to file and Amended Complaint, not to substitute a plaintiff. Accordingly, the Court will proceed by evaluating the Motion based on the relief requested, not as it is titled.

conversion, the Bankruptcy Court appointed a Chapter 7 Trustee for Plaintiff, Ms. Beth Ann Scharrer (the "Chapter 7 Trustee") and following that appointment, the Bankruptcy Court authorized the newly-appointed Chapter 7 Trustee to retain counsel and proceed with the instant litigation. (Doc. 5, Exs. C and E).

On September 18, 2009, Plaintiff filed an Amended Complaint (Doc. 4). Through counsel, Plaintiff informs the Court that the filing of an Amended Complaint (Doc. 4) was necessary here due to the above-referenced actions in the bankruptcy case and the requirements of Fed. R. Civ. P. 15. Plaintiff further informs the Court that process can be effectuated now that the Chapter 7 Trustee is in place, if the Court will allow Plaintiff an additional sixty (60) days to complete service.

A plaintiff is responsible for serving the defendant with both a summons and a copy of the complaint within the time permitted under Federal Rule of Civil Procedure 4(m). Fed. R.Civ.P. 4(c). Federal Rule of Civil Procedure 4(m) provides:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), the failure to effect service within 120 days of the filing of a complaint mandates dismissal. Fed.R.Civ.P. 4(m). However, a plaintiff may request an extension of time for service of process upon the showing of good cause.

Id. A plaintiff has the burden of demonstrating the existence of "good cause." Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla.1993). Good cause only exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir.2007).

Plaintiff's filing of the Amended Complaint was proper under the circumstances presented. The Court finds that Plaintiff has demonstrated to the Court's satisfaction the good cause necessary to warrant the requested extension, and thus it is

**ORDERED**, **ADJUDGED** and **DECREED** that:

The Motion (Doc. 5) is **GRANTED**. Plaintiff shall have **SIXTY (60) days** from the date of this Order to effect service of process upon the Defendants in this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on the 26th day of October 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record