UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSIE'S STRUCTURES, INC. DBA
ZIEGLER STRUCTURES,

    Plaintiff,
v.                                Case No. 8:09-cv-975-T-33TGW

WILLIAM A. ZIEGLER, JR., A. PAUL
ZIEGLER and JANET HANACEK,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to three motions to dismiss: (1) Defendants' Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Doc. # 11), filed on January 8, 2010; (2) Defendants' Motion to Dismiss First Amended Complaint for Failure to State a Claim for Relief (Doc. # 15), filed on January 8, 2010; and (3) Defendants' Motion to Transfer Action to the Northern District of Ohio, Eastern Division (Doc. # 20), filed on February 12, 2010. Plaintiff filed its responses to Defendants' first and second motions on February 12, 2010 (Doc. # 21, 22) and to Defendants' third motion on February 26, 2010 (Doc. # 23).

**I. Factual and Procedural Background**

William A. Ziegler, Sr., the parties' father, created a living trust in 1998. (Doc. # 4 Exh. B-1). According to the

1

First Amended Complaint, the William A. Ziegler, Sr. Living Trust owned Susie's Structures. (Doc. # 4 at ¶ 10-11). David A. Ziegler, who managed Susie's Structures, was to receive his father's stock in the company upon his death. (Id. at ¶ 12).

William A. Ziegler, Sr. was domiciled in Florida; however, in Spring 2007 the Defendants "conspired to make [him] an Ohio resident so that Defendants could seize control of his personal assets." (Id. at ¶ 10-11). These assets were frequently used for the operation of Susie's Structures.

When Defendants took control of their father's personal assets, Susie's Structures lacked sufficient operating capital and, as a result, defaulted on contracts and debts. (Id. at ¶ 13). In addition, Defendants caused Susie's Structures' established lines of credit to be canceled by telling vendors and lenders that Susie's Structures was going out of business. (Id. at ¶ 14). Defendants instructed Susie's Structures employee Jason Bell to "run the company" and promised to provide capital that never materialized. (Id. at ¶ 24-25). As a result, Susie's Structures suffered losses of up to $6 million and is in Chapter 7 bankruptcy. (Id. at ¶ 26-27).

Defendants, who are Ohio residents, claim that William A. Ziegler, Sr. was always an Ohio resident until David A. Ziegler wrongfully took him to Florida in October 2007. (Doc.

2

# 11 at 4-5). Prior to that, in April 2007, David A. Ziegler moved into William A. Ziegler, Sr.'s home in Canton, Ohio, and began to take advantage of his father's declining mental and physical health. (Id. at 5). In October 2007, William A. Ziegler, Jr. was appointed guardian of his father based upon a physician's evaluation that William A. Ziegler, Sr. was suffering from dementia. (Id.). William A. Ziegler, Jr. was authorized by the Ohio court to return his father to Ohio. (Id. at 6). In November 2007, William A. Ziegler, Jr. was appointed guardian over his father's person and attorney John Frank was appointed guardian of William A. Ziegler, Sr.'s estate. (Id. at 7). Defendants state that they had no involvement with Susie's Structures, and deny that they interfered with the operation of that business. (Id. at 8).

Susie's Structures filed its First Amended Complaint (Doc. # 4) on September 18, 2009. Defendants filed their Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction (Doc. # 11) on January 8, 2010; Susie's Structures filed its response to that motion (Doc. # 21) on February 12, 2010. Defendants filed their Motion to Dismiss First Amended Complaint for Failure to State a Claim for Relief (Doc. # 15) on January 8, 2010; Susie's Structures filed its response to that motion (Doc. # 22) on February 12,

2010. Defendants filed their Motion to Transfer Action to the Northern District of Ohio, Eastern Division (Doc. # 20) on February 12, 2010; Susie's Structures filed its response to that motion (Doc. # 23) on February 26, 2010. These motions are ripe for the Court's review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept

as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction.  Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006).  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."  S & Davis Int'l, Inc. v. Republic of Yemen, 218 F.3d 1292, 1303 (11th Cir. 2000).  "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff."  Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The U.S. Supreme Court has commented on § 1404(a), noting that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness."

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

**II. Analysis**

Non-resident Defendants argue that this Court may not exercise personal jurisdiction over them (Doc. # 11 at 1) and that Plaintiff failed to state a claim for relief (Doc. # 15 at 1). Alternatively, Defendants ask this Court transfer this case to the U.S. District Court for the Northern District of Ohio, Eastern Division (Doc. # 20 at 1). Because questions of jurisdiction and venue must be resolved before this Court can properly address substantive claims, the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 11) and the Motion to Transfer Action to the Northern District of Ohio, Eastern Division (Doc. # 20) will be analyzed first.

**A. Personal Jurisdiction**

The determination of whether the Court has personal jurisdiction over a defendant is governed by a two-part analysis. First, the plaintiff must have alleged facts sufficient to subject the defendant to Florida's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)(citing Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996)). Once the Court has determined that Florida's long-arm statute is satisfied, it must decide whether the assertion of

jurisdiction comports with Constitutional requirements of Due Process and traditional notions of fair play and substantial justice. Sculptchair, 94 F.3d at 626 (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

   1. **Florida's Long-Arm Statute**

Florida's long-arm statute is satisfied when a defendant, or its agent, commits a tortious act within Florida. See Fla. Stat. § 48.193(1)(b). Susie's Structures argues that Defendants fell within the long-arm statute's scope when they committed a tortious act in Florida – that is, allegedly interfering with the business relationships of a Florida corporation.[1]

It is well established that a defendant's physical presence is not required for the commission of a tortious act in Florida. Exhibit Icons v. XP Cos., 609 F. Supp. 2d 1282, 1297 (S.D. Fla. 2009) (citing Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)). Allegations that a defendant committed a tortious act via telephone, e-mail or written

---

[1] Defendants note that Plaintiff's First Amended Complaint includes no reference to the Florida long-arm statute in support of the exercise of personal jurisdiction over Defendants, and state that Plaintiff's First Amended complaint should be dismissed "[o]n that ground alone." (Doc. # 11 at 11). However, Defendants cite no case law in support of this argument.

communications into Florida is sufficient to establish long-arm jurisdiction. Id. (citations omitted).

In this case, Susie's Structures alleges that Defendants told several of Susie's Structures' customers and creditors in Florida that Susie's Structures was closing down. (Doc. # 21 at 4-5). Defendants deny these allegations.[2] (Doc. # 11 at 8). However, this Court finds that Susie's Structures has alleged facts that, if proven, are sufficient to support personal jurisdiction.

After the plaintiff makes a prima facie case for the exercise of personal jurisdiction,

> the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the

---

[2] Defendants argue that "[t]he exercise of personal jurisdiction under Section 48.193(1)(b) of the Florida long-arm statute requires that a non-resident defendant commit 'a substantial aspect of the alleged tort in Florida.'" (Doc. # 11 at 12 (quoting Williams Elec. Co., Inc. v. Honeywell, Inc., 854 F.2d 389, 394 (11th Cir. 1988)). As such, a plaintiff must show that the defendant's actions in Florida "were essential to the success of the tort." Id. (citations omitted). However, this requirement was called into doubt by Gen. Cigar Holdings, Inc. v. Altadis, S.A., 205 F. Supp. 2d 1335, 1345-1346 (S.D. Fla. 2002) (noting that the District Court must interpret the long-arm statute as would the Florida Supreme Court, which has imposed no such requirement). Furthermore, Eleventh Circuit case law has established that a single phone call into the state is sufficient to satisfy Florida's long-arm statute. See e.g. Cronin v. Wash. Nat'l Ins. Co., 980 F.2d 663, 670 (11th Cir. 1993).

8

> jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.

Future Tech. Today, 218 F.3d at 1249 (quoting Prentice v. Prentice Colour, Inc., 779 F. Supp. 578, 583 (M.D. Fla. 1991)). Here, Defendants supplemented their motion to dismiss with affidavits contesting jurisdiction, causing the burden to shift back to Susie's Structures to prove "by affidavit or other sworn statement" a sufficient basis for jurisdiction. Walt Disney Co. v. Nelson, 677 So. 2d 400, 402 (Fla. 5th DCA 1996). Susie's Structures responded with the affidavit of Ron Goforth and other exhibits disputing certain sworn statements made by Defendants. Upon review of the affidavits and accompanying documents, this Court finds that Susie's Structures has carried its burden.

When both parties have filed affidavits that cannot be harmonized, the trial court must hold a limited evidentiary hearing to determine jurisdiction. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 503 (Fla. 1989). However, "an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary." Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2010 WL 1223794 (M.D. Fla. Mar. 25, 2010) (citations omitted). Furthermore, a motion to dismiss for lack of personal jurisdiction

9

> does not require a full-scale inquiry into whether the defendant committed a tort. Instead, when a plaintiff alleges a claim, and the record is in dispute as to the accuracy of the claim, we can construe the facts in the light most favorable to the plaintiff and hold that the alleged claim satisfies Florida's Long-Arm Statute.

Brennan v. Roman Catholic Diocese of Syracuse N.Y., 322 Fed. Appx. 852, 855 (11th Cir. 2009). The facts alleged in Susie's Structures' Complaint can be fairly read to assert jurisdiction under § 48.193(1)(b). The Court thus concludes that Defendants' alleged conduct brings them within the purview of Florida's long-arm statute.

### 2. Due Process

"Even where a defendant's conduct falls within the forum state's long-arm statute, the existence of personal jurisdiction over the defendant is not proper unless it comports with Due Process." Pureterra Naturals, Inc. v. Cut-Heal Animal Care Products, 674 F. Supp. 2d 1294, 1298 (M.D. Fla. 2009). This requirement is met "if the non-resident defendant has established certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Oldfield v. Pueblo de Bahia Lora, 558 F.3d 1210, 1220 (11th Cir. 2009) (citations and internal quotations omitted).

The requirements for minimum contacts vary depending upon

10

whether jurisdiction over a non-resident defendant is established by general jurisdiction or specific jurisdiction. "General personal jurisdiction, [which] arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated" requires "a showing of continuous and systematic business contacts between the defendant and the forum state." Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000) (citations omitted). Specific jurisdiction, on the other hand, "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint" such that the defendant "purposefully avails itself of conducting activities within the forum State." Id. at 1291 (internal quotations and citations omitted). Because Susie's Structures' First Amended Complaint alleges that Defendants engaged in specific conduct directed toward Florida, the Court's jurisdiction over Defendants would be specific rather than general for purposes of the minimum contacts analysis.

### a. Minimum Contacts

In cases involving intentional torts, minimum contacts are determined using the "effects test" established in Calder v. Jones, 465 U.S. 783 (1984). For the "effects test" to be satisfied, the defendant must have "(1) committed an

11

intentional tort (2) that was directly aimed at the forum, (3) causing injury within the forum that the defendant should have reasonably anticipated." Oldfield, 558 F.3d at 1221 n. 28.

Defendants argue that Susie's Structures must satisfy three criteria to establish minimum contacts: the contacts (1) must be related to the plaintiff's claim, (2) must involve some act by which the defendants purposefully availed themselves of the privileges of conducting activities within the forum, and (3) must be such that the defendants should reasonably anticipate being haled into court there. (Doc. # 11 at 10-11). However, this test does not apply to claims for intentional torts. Oldfield, 558 F.3d at 1221 n.28. The commission of an intentional tort satisfies the personal availment requirement, and presumes that the defendant should have anticipated being haled into court in the forum to answer for the resulting injury. New Lenox Indus., Inc. v. Fenton, 510 F. Supp. 2d 893, 904 (M.D. Fla. 2007).

Here, Susie's Structures alleges that Defendants committed an intentional tort that caused it to be injured in Florida. Thus, the Court finds that the minimum contacts element of Due Process has been satisfied.

### 2. Fair Play and Substantial Justice

Courts consider the following factors in determining

whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice:

> (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and ([e]) the shared interest of the several States in furthering fundamental substantive social policies.

Future Tech. Today, 218 F.3d at 1251. However, "[t]he presence of minimum contacts raises a presumption that the court may constitutionally exercise jurisdiction. To rebut that presumption, the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Oldfield, 558 F.3d at 1221 n. 29 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

Defendants argue that their burden in defending this suit in Florida is greater than the burden Susie's Structures would bear in pursuing its claims in Ohio. (Doc. # 11 at 16-17). Defendants further contend that the State of Ohio has a greater interest in this claim than the State of Florida, because "some of the same issues present in this case likely already have been considered by the probate court in Ohio." (Id. at 17.) However, Florida courts have a strong interest

in adjudicating disputes involving intentional misconduct by non-residents that causes injury in Florida. Licciardello v. Lovelady, 544 F.3d 1280, 1288 (11th Cir. 2008) (citing Sculptchair, 94 F.3d at 632). Furthermore, this claim alleges an intentional tort unrelated to the probate of William A. Ziegler, Sr.'s estate.

Thus, upon due consideration, the Court determines that its exercise of personal jurisdiction over Defendants comports with traditional notions of fair play and substantial justice. Accordingly, the Due Process requirements have been satisfied and this Court may properly exercise personal jurisdiction over Defendants.

**B. Transfer of Venue**

Defendants ask this Court to transfer this case to the U.S. District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1404(a). (Doc. # 20 at 1.) Such a decision is within the broad discretion of this Court. See Am. Aircraft Sales v. Airwarsaw, Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

The Eleventh Circuit has outlined the following factors for determining whether to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the

14

convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "[A] court should be somewhat restrictive in transferring actions," favoring the plaintiff's choice of forum. Am. Aircraft Sales, 55 F. Supp. 2d at 1351.

As movants, Defendants bear the burden of establishing that the Northern District of Ohio is a more convenient forum. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Defendants have failed to meet that burden. Although Defendants reside in Ohio, they allegedly contacted employees, creditors, and customers of Susie's Structures in Florida. Thus, the convenience of the witnesses and parties, the location of relevant documents and the relative ease of access to sources of proof, the locus of operative facts, and the availability of process to compel the attendance of unwilling witnesses favor this forum.[3]

---

[3] Defendants argue that William A. Ziegler, Sr.'s medical records and documents related to his estate are essential to this case, as is the testimony of "numerous Ohio-based medical personnel who provided treatment" to Mr. Ziegler. (Doc. # 20 at 5-7). While such evidence may have some bearing on the

15

Furthermore, great deference is afforded the plaintiff's choice of forum when that forum is in the district in which the plaintiff resides. Louisiana Fish Fry Prods. v. Corry, 3:07-cv-1224-J-33TEM, 2008 WL 1882264 at *3 (M.D. Fla. Apr. 24, 2008). Because Susie's Structures' principal place of business is in the Middle District of Florida, Susie's Structures' choice of forum is accorded great weight and "the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice." Id. Defendants have made no such showing in this case.

In addition, Susie's Structures' complaint contains a Florida-based cause of action – tortious interference with a business relationship. Because "[t]he transferee court must apply the law of the state in which the transferor court sits," McVicar v. Standard Insulations, Inc., 824 F.2d 920, 921 (11th Cir. 1987), an Ohio federal court would not be as familiar with the law governing this case as would a Florida federal court.

The relevant factors, Susie's Structures' choice of forum, and the forum's familiarity with the governing law

---

defense, the Court is not persuaded at this stage of the proceedings that it is the focal point of this claim.

weigh against transferring this case. Thus this Court declines to transfer this case under § 1404.

**C.     Failure to State a Claim for Relief**

Defendants ask this Court to dismiss Susie's Structures' First Amended Complaint for failure to state a claim for relief. Defendants assert that Susie's Structures' tortious interference claim (Count Two) fails because the First Amended Complaint does not allege any direct interference with Susie's Structures' business relationships (Doc. # 15 at 4). Defendants argue that Susie's Structures' civil conspiracy claim (Count One) must be dismissed because there is no actionable underlying tort. (Id.).

"Under Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc., 262 F.3d 1152, 1154 (11th Cir. 2001) (citation omitted). However, there is no cause of action for tortious interference that is only negligently or consequently effected. Ethyl Corp. v. Balter, 386 So. 2d 1220, 1223 (Fla.

17

3d DCA 1980). The interference must be not only intentional and unjustified but also direct. See Lawler v. Eugene Wuesthoff Mem'l Hosp. Ass'n, 497 So. 2d 1261 (Fla. 5th DCA 1986) (finding that termination of doctor's staff privilege did not constitute tortious interference with his business relationships).

In its First Amended Complaint, Susie's Structures bases its claim of tortious interference on allegations that Defendants removed nearly $1 million from William A. Ziegler, Sr.'s personal assets, monies that would otherwise have been used to capitalize the operations of Susie's Structures.[4] Defendants argue that such allegations constitute at best, indirect or consequential interference with the business relationships of Susie's Structures. (Doc. # 15 at 4). The Court is persuaded by this argument.

In its Response to Defendants' Motion to Dismiss for Failure to State a Claim for Relief, Susie's Structures asserts that Defendants directly contacted its creditors,

---

[4] Susie's Structures alleges that Defendants caused its established lines of credit to be canceled by telling vendors and lenders that Susie's Structures was going out of business. (Doc. # 4 at ¶ 14). However, Susie's Structures did not restate this allegation to support its tortious interference claim or make clear any connection between this allegation and Defendants' interference with Susie's Structures' contracts.

customers, and employees – factual allegations that better support its tortious interference claims. (Doc. # 22 at 5-7). However, in the context of a motion to dismiss, the Court may not consider this document,[5] and Susie's Structures claim for tortious interference fails.

Furthermore, a claim for civil conspiracy requires an actionable underlying tort. Wright v. Yurko, 446 So. 2d 1162, 1165 (Fla. 5th DCA 1984). Thus, Susie's Structures' claim for conspiracy also fails, and its First Amended Complaint does not state sufficient allegations to survive Defendants' Motion to Dismiss.

Upon due consideration, the Court grants Defendants' Motion to Dismiss for Failure to State a Claim for Relief. However, in an abundance of caution and in the interests of fairness, the Court will allow Susie's Structures to amend its Complaint to cure the deficiency.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

(1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 11) is **DENIED.**

---

[5] The Court may consider only a limited number of documents outside the pleadings without converting a motion to dismiss into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

(2) Defendants' Motion to Transfer Action to the Northern District of Ohio (Doc. # 20) is **DENIED.**

(3) Defendants' Motion to Dismiss for Failure to State a Claim for Relief (Doc. # 15) is **GRANTED.** Plaintiff's First Amended Complaint is dismissed with leave to amend within ten days of the date of this Order. If the Complaint is not amended in a timely fashion, it will be dismissed with prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of May 2010.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record